IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DIANNA K. LEWIS | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. |
| SERGEANT KEVIN SIMMONS, in his individual and official capacity, and GREENE COUNTY, MISSOURI | ) ) ) ) ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

**COMES NOW** Plaintiff Dianna K. Lewis (hereinafter referred to as "Lewis"), and for her Complaint against Defendants Sergeant Kevin Simmons (hereinafter referred to as "Simmons") and Greene County, Missouri (hereinafter referred to as "Greene County") states as follows:

## BACKGROUND/FACT COMMON TO ALL COUNTS

1. On or about September 17, 2014, Lewis was the manager of The Salvation Army Harbor House (hereinafter referred to as Harbor House), a privately owned homeless shelter.

2. On September 17, 2014, two Greene County Deputies including Simmons, entered the lobby area of Harbor House and asked to search the premises.

3. Lewis instructed the Deputies, including Simmons that they needed a search warrant to search the premises.

4. Lewis instructed the Deputies that the needed a search warrant through an opening she had created by slightly opening a door between the lobby area and the secure area

1

of Harbor House.

5. After Lewis instructed the Deputies, including Simmons that they needed a search warrant she began to close the door, at the same time Simmons placed his foot between the door to keep it from shutting.

6. As soon as Simmons foot hit the door, he told Lewis she was under arrest, at which time he grabbed Lewis and pulled her into the building, around the door and proceeded to push Lewis against the wall in the lobby, handcuffing her.

7. Lewis pleaded with Simmons that the facility was secure.

8. Simmons then showed Lewis a picture that he referred to as a missing and endangered person.

9. When Lewis told him that she did not know the person in the picture, she was released.

## COUNT I: FALSE ARREST

**COMES NOW,** Plaintiff, by and though her Attorney of record, Brandon C. Potter, of Corbett Law Firm, P.C. and for Count I of her Complaint against Simmons for False Arrest states as follows:

10. Plaintiff incorporates each and every allegation and averment as set forth in paragraph 1-9 as if set forth herein *in haec verba.*

11. Defendant Simmons aforementioned conduct was unconstitutional in that an objectively reasonable officer would have known that his actions violated Plaintiff's Constitutional Rights pursuant to the Fourth Amendment of the United States Constitution in that:

a. he had no reasonable suspicion or probable cause to detain her; and

b. he had no probable cause to arrest her.

12. As a direct and proximate result of the aforementioned conduct of Simmons, Lewis suffered embarrassment and public humiliation.

13. As a direct and proximate result of the aforementioned conduct of Simmons, Lewis suffered injury to her right shoulder requiring medical treatment.

14. As a direct and proximate result of the aforementioned conduct of Simmons, Lewis has suffered medical costs as a result of the injury to her right shoulder.

15. The conduct of Simmons was reckless, wanton, and willful with respect to Plaintiff's constitutional rights and an award of punitive damages is warranted and necessary to punish Simmons as aforementioned, in Simmons individual capacity and to deter him and others from the same or similar transgressions in the future.

**WHEREFORE** Plaintiff prays for judgment against Defendant in such sum as is fair and reasonable, interest at the legal rate from the date of judgment, for her costs of action incurred herein, and for such other further relief as is just and proper.

## COUNT II

**COMES NOW,** Plaintiff, by and though her Attorney of record, Brandon C. Potter, of Corbett Law Firm, P.C. and for Count II of her Complaint against Simmons states as follows:

16. Plaintiff incorporates each and every allegation and averment as set forth in

paragraph 1-9 and paragraph 10-15 as if set forth herein *in haec verba*.

17. Simmons aforementioned conduct was unconstitutional in that an objectively reasonable officer would have known that his actions violated Plaintiff's constitutional rights pursuant to the Fourth Amendment of the United States Constitution in one or more of the following ways:

    a. that the action of placing handcuffs on Plaintiff, twisting her arm and throwing against a wall was excessive in that Lewis had not committed a crime.
    b. that the action of placing handcuffs on Plaintiff, twisting her arm and throwing against a wall was excessive in that Lewis did not pose an immediate threat to the safety of the officers or others.
    c. that the action of placing handcuffs on Plaintiff, twisting her arm and throwing against a wall was excessive in that Lewis did not actively resist arrest or attempt to evade the arrest by flight.

18. Based on the totality of circumstances the force used was excessive pursuant to the Fourth Amendment of the United States Constitution.

**WHEREFORE** Plaintiff prays for judgment against Defendant in such sum as is fair and reasonable, interest at the legal rate from the date of judgment, for her costs of action incurred herein, and for such other further relief as is just and proper.

## COUNT III: FAILURE TO TRAIN

**COMES NOW,** Plaintiff, by and though her Attorney of record, Brandon C. Potter,

4

of Corbett Law Firm, P.C. and for Count III of her Complaint against Greene County for Failure to Train states as follows:

19. Plaintiff incorporates each and every allegation and averment as set forth in paragraph 1-9, paragraph 10-15, and 16-18 as if set forth herein *in haec verba*.

20. At all times mentioned herein Greene County was in charge of training, supervising, controlling and disciplining all officers of Greene County, including Simmons.

21. There was an obvious need to train Simmons in one or more of the following ways:

    a. that they could not enter a private facility without a search warrant;
    b. that there is no exigent circumstance to enter a private facility because it is a homeless shelter;
    c. there is not probable to arrest or detain a third party of a private facility;
    d. that it is a use of excessive force to grab, handcuff and force a person similarly situated as Plaintiff that has not committed a crime;
    e. that it is a use of excessive force to grab, handcuff and force a person similarly situated as Plaintiff that has not posed an immediate threat to the officer; and
    f. that it is a use of excessive force to grab, handcuff and force a person similarly situated as Plaintiff that has not attempted to evade arrest by flight.

## COUNT IV
## 42 U.S.C. §1988

**COMES NOW** Plaintiff by and through her attorney of record, Brandon C. Potter of Corbett

Law Firm, P.C., and for Count IV of her Complaint against Defendants, states to the court as follows:

22. Plaintiff in corporates each and every allegation and averment as set forth in paragraph 1-9, paragraph 10-15 of Count I, paragraphs 16-18 of Count II and paragraphs 19-21 of Count III as if fully set forth herein *in haec verba.*

23. For all claims in this Complaint on which Plaintiff prevails, Plaintiff requests compensation for her reasonable attorney fees and other costs as provided for by 42 U.S.C. §1988(b).

## **DEMAND FOR JURY TRIAL**

24. Plaintiff requests a demand for jury trial on all issues.

CORBETT LAW FIRM, P.C.

_____
BRANDON C. POTTER #52232
Attorney for Plaintiff
2015 East Phelps Street
Springfield, MO 65802
bpotter@corbettlawfirm.com
Phone (417) 866-6665
Fax (417) 866-6699